IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01858-BNB

ROBERT KUHNLE,

      Applicant,

v.

TOM CLEMENTS, Executive Dir. CDOC, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Robert Kuhnle, is a prisoner in the custody of the Colorado

Department of Corrections at the Kit Carson Correctional Center in Burlington,

Colorado.  Mr. Kuhnle initiated this action by filing *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1).  Mr. Kuhnle is challenging the

validity of his conviction in Jefferson County District Court case number 99CR1248.

      On July 29, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action.  On August 19, 2011, Respondents filed their Pre-Answer Response (Doc.

#10).  The certificate of service attached to the Pre-Answer Response indicates a copy

was mailed to Mr. Kuhnle at the Kit Carson Correctional Center.  (*See id*. at 14.)  Mr.

Kuhnle has not filed a reply to the Pre-Answer Response despite being given an

opportunity to do so.

The Court must construe the application liberally because Mr. Kuhnle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Kuhnle entered a guilty plea to two counts of second degree murder. On September 6, 2000, Mr. Kuhnle was sentenced to a total term of forty-four years in prison. (*See* Doc. #10-1 at 11.) He did not file a direct appeal.

According to Respondents, on January 1, 2001, Mr. Kuhnle filed in the trial court a motion for sentence reconsideration that was denied on January 5, 2001. However, the documentation attached to the Pre-Answer Response, which includes a printout of the docket sheet in Mr. Kuhnle's criminal case (Doc. #10-1), indicates that Mr. Kuhnle filed a motion and order for reconsideration of sentence on January 5, 2001. (*See id.* at 10.) The docket sheet does not indicate when, if ever, the trial court issued a ruling on the motion for reconsideration of sentence.

Beginning in July 2003, Mr. Kuhnle filed in the trial court a series of motions requesting leave to proceed *in forma pauperis*, discovery, transcripts, and extensions of time to file a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.*; *see also* #10-5 at 3-4.) On May 15, 2004, Mr. Kuhnle filed in the trial court a postconviction Rule 35(c) motion. (*See id.*) The trial court denied the Rule 35(c) motion as untimely, but that order was vacated on appeal and the

case was remanded for further proceedings. *See People v. Kuhnle*, No. 04CA1256 (Colo. App. Sept. 15, 2005) (Doc. #10-5). The trial court denied postconviction relief on remand and that order was affirmed on appeal. *See People v. Kuhnle*, No. 09CA0555 (Colo. App. Dec. 2, 2010) (Doc. #10-12). On March 28, 2011, the Colorado Supreme Court denied Mr. Kuhnle's petition for writ of certiorari in the postconviction Rule 35(c) proceedings. (*See* Doc. #10-14.)

Mr. Kuhnle filed the instant habeas corpus application on July 18, 2011. He asserts the following three claims for relief:

1. Plea counsel was ineffective.

2. His guilty plea was unknowing and involuntary because he was not advised by counsel that he had a viable mental health defense.

3. The trial court made factual findings that are not supported by the record.

Before addressing the affirmative defenses raised by Respondents in their Pre-Answer Response, the Court notes that claim three must be dismissed because it does not appear to raise a cognizable federal constitutional issue. Although not clear, Mr. Kuhnle's third claim appears to relate to factual findings made by the trial court in connection with the postconviction Rule 35(c) proceedings. The claim must be dismissed because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that

3

petitioner's challenge to state "post-conviction procedures on their face and as applied

to him would fail to state a federal constitutional claim cognizable in a federal habeas

proceeding"). Even if Mr. Kuhnle's third claim relates to the judgment of conviction and

not the state court postconviction proceedings, the Court finds that Mr. Kuhnle's third

claim, like the rest of the application, is untimely.

Respondents first assert that the instant action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court. The limitation period shall
> run from the latest of–
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or
> >
> > (D) the date on which the factual predicate of
> > the claim or claims presented could have been
> > discovered through the exercise of due
> > diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this

4

subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Kuhnle's conviction became final. Based on the procedural history discussed above, the Court finds that Mr. Kuhnle's conviction became final when the time expired to file a notice of appeal following his sentencing on September 6, 2000. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Kuhnle had forty-five days to file a notice of appeal after he was sentenced on September 6, 2000. Therefore, his conviction was final on October 23, 2000.[1]

The Court also finds that the one-year limitation period began to run on October 23, 2000, because Mr. Kuhnle does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims challenging the validity of his guilty plea and conviction before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Next, the Court must consider whether any of the state court postconviction motions Mr. Kuhnle filed tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in

---

[1]The forty-fifth day after September 6, 2008, was Saturday, October 21, 2000. Therefore, the filing deadline extended until Monday, October 23, 2000. *See* C.A.R. 26(a).

compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531

U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law but "does require some inquiry into

relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir.

2000).  The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court

remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner

actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

With respect to the Rule 35(b) motion Mr. Kuhnle filed on January 5, 2001, based

on the record before the Court, it appears that the trial court never issued a ruling on the

Rule 35(b) motion.  Under these circumstances, the Court must consider whether the

Rule 35(b) motion should be deemed abandoned and, if so, whether an abandoned

postconviction motion tolls the one-year limitation period.

Under Colorado law, "[i]t is the responsibility of the court to rule on [a Rule 35(b)] motion within a reasonable time after its filing." *People v. Fuqua*, 764 P.2d 56, 61 (Colo. 1988).  However,

> [w]hen the sentencing court fails to act on a timely filed motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion.  In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned.

*Id*.  Mr. Kuhnle's Rule 35(b) motion must be deemed abandoned because he failed to obtain an expeditious ruling on it after the trial court failed to act within a reasonable period of time.  In fact, there is no indication that Mr. Kuhnle made any effort to obtain an expeditious ruling on the Rule 35(b) motion.

The next question is whether an abandoned state court postconviction motion tolls the one-year limitation period.  The United States Court of Appeals for the Tenth Circuit recently determined that an abandoned motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure was not a properly filed application for postconviction relief and did not toll the one-year limitation period.  *See Stevens v. Medina*, No. 11-1161, 2011 WL 4000822 at *3 (10th Cir. Sept. 9, 2011).  However, in another case, the Tenth Circuit indicated that a state court postconviction motion that subsequently is abandoned will toll the one-year limitation period because, on abandonment, "AEDPA's tolling provision will deactivate, and the limitations period will run." *Wood v. Milyard*, 403 F. App'x 335, 339 (10th Cir. 2010).

Even if the Court assumes that the Rule 35(b) motion was properly filed and

tolled the one-year limitation period for a reasonable period of time during which both the trial court failed to act and Mr. Kuhnle failed to make any effort to obtain an expeditious ruling, the Court has no trouble concluding that the Rule 35(b) motion must be deemed abandoned, and any tolling deactivated, no later than January 7, 2002, or one year after the motion was filed.[2]  The Court reaches this conclusion because a Rule 35(b) motion must be filed within 120 days after sentencing and the rule "permits a court one opportunity to reconsider in a timely fashion a previously imposed sentence in light of all relevant and material factors which may or may not have been initially considered by the court." *Fuqua*, 764 P.2d at 60.  Allowing such a motion to remain pending beyond one year would not amount to reconsideration in a timely fashion.  Assuming that the one year limitation period was tolled from January 5, 2001, through January 7, 2002, and taking into account the seventy-three days between October 23, 2000, and January 5, 2001, that count against the one-year limitation period, the one-year limitation period would have expired in October 2002, or 292 days after January 7, 2002.

Regardless of whether the Rule 35(b) motion tolled the one-year limitation period for a reasonable period of time that the Court has determined does not exceed one year, Mr. Kuhnle's postconviction Rule 35(c) motion filed on May 14, 2004, did not toll the one-year limitation period because the Rule 35(c) motion was filed after the one-year limitation period already had expired, at the latest, in October 2002. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court

---

[2]Although the Rule 35(b) motion was filed on January 5, 2001, the one-year anniversary of that date, January 5, 2002, fell on a Saturday.

8

postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). The series of motions seeking leave to proceed *in forma pauperis*, discovery, transcripts, and extensions of time to file a postconviction Rule 35(c) motion that Mr. Kuhnle filed beginning in July 2003 also were filed after the one-year limitation period already had expired and did not toll the one-year limitation period. In addition, the series of motions Mr. Kuhnle filed beginning in July 2003 also did not toll the one-year limitation period because there is no indication that those motions included any substantive claims for relief. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2)); *Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motions for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period). Therefore, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Kuhnle shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues

judicial remedies but files a defective pleading within the statutory period.  *See Gibson*,

232 F.3d at 808.  However, simple excusable neglect is not sufficient to support

equitable tolling.  *See id*.  Furthermore, in order to demonstrate he pursued his claims

diligently, Mr. Kuhnle must "allege with specificity 'the steps he took to diligently pursue

his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting

*Miller*, 141 F.3d at 978).  In the rare and extraordinary case in which a habeas

petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds,

the petitioner is not required to demonstrate he diligently pursued the actual innocence

claim.  *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Without specifically referring to equitable tolling, Mr. Kuhnle makes a statement

regarding the timeliness of this action in the application that the Court will consider in

the context of equitable tolling.  He states:

> I did find out about 35c in time to file, and my issues
> warrented [sic] an evidentary [sic] hearing.  My
> postconviction attorney told me about "habeas corpus" being
> my last chance after exausting [sic] all state remedies.  If the
> clock did start running at conviction and not at the 35c
> denial, I hope that this filing is not untimely and if it is, I hope
> that it is understandable, due to the ineffective council [sic]
> that not only failed to file a habeas or even mention it, or its
> timelines, processed me with no concern for my rights, my
> mental state, my lack of any ability to defend myself, my
> complete lack of knowlege [sic] of procedure or the law.  I
> depended on them totaly [sic] and they took advantage of
> me, essentaly [sic] doing nothing to defend me.  I hope that
> my habeas is filed on time and if it is not, I sincerely hope its
> tardyness [sic] is excuseable [sic].

(Doc. #1 at 7.)

Mr. Kuhnle's statement does not convince the Court that equitable tolling is

appropriate in this action.  He does not allege that he is actually innocent, that he has

been pursuing his claims diligently, or that some extraordinary circumstance prevented

him from filing the instant action in a timely manner.  In particular, his vague reference

to counsel's failure "to file a habeas or even mention it" (*id.*) does not demonstrate the

sort of egregious misconduct by counsel that could justify equitable tolling of the one-

year limitation period.  *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)

(finding equitable tolling justified where counsel actively deceived petitioner for an entire

year into believing that counsel was diligently pursuing petitioner's legal remedies when

he was not).  In addition, Mr. Kuhnle's ignorance of the law does not justify the

extraordinary remedy of equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220

(10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).  Finally, even

if counsel's failure "to file a habeas or even mention it" rose to the level of excusable

neglect, such circumstances still would not justify equitable tolling.  *See Gibson*, 232

F.3d at 808.  Therefore, the Court finds that there is no basis for equitable tolling of the

one-year limitation period.

　　　　For all of these reasons, the Court finds that this action is barred by the one-year

limitation period.  Because the Court has determined that the action is time-barred, the

Court need not address Respondents' alternative arguments that some of Mr. Kuhnle's

claims are unexhausted and procedurally barred.  Accordingly, it is

　　　　ORDERED that Applicant's third claim for relief is dismissed for failure to raise a

federal constitutional claim.  It is

FURTHER ORDERED that the habeas corpus application (Doc. #1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  28th  day of   September     , 2011.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-01858-BNB

Robert Kuhnle
Prisoner No. 106621
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the
above-named individuals on September 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk